# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-1464V
UNPUBLISHED

| | |
|---|---|
| HUMBERTO RODRIGUEZ,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Chief Special Master Corcoran<br><br>Filed: September 7, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Russell Berkowitz*, Berkowitz and Hanna LLC, Shelton, CT, for Petitioner.

*Dhairya Divyakant Jani*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On October 26, 2020, Humberto Rodriguez filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered from Guillain Barre Syndrome ("GBS") as a result of an influenza vaccine received on February 20, 2018. Petition at 1. Petitioner further alleges the vaccine was administered in the United States, he suffered the residual effects and complications of GBS for more than six months, and neither Petitioner nor any other party has ever filed an action or received compensation in the form of an award or settlement for his vaccine-related injury. Petition at ¶¶ 2, 22-24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On February 16, 2022, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On September 7, 2022, Respondent filed a proffer on

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

award of compensation ("Proffer") indicating Petitioner should be awarded $205,873.71. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $205,873.71 (comprised of $202,500.00 in pain and suffering and $3,373.71 in past unreimbursable expenses) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * * * * * *  <br>**HUMBERTO RODRIGUEZ**,     * <br>                                                  * <br>                      Petitioner,      * <br>                                                  * <br>v.                                              * <br>                                                  * <br>                                                  * <br>**SECRETARY OF HEALTH**      * <br>**AND HUMAN SERVICES**,      * <br>                                                  * <br>                      Respondent.    * <br>* * * * * * * * * * * * * * * * * * * * * * * * * * * * * | No. 20-1464V (ECF) <br> CHIEF SPECIAL MASTER <br> BRIAN H. CORCORAN |

### RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On October 26, 2020, Humberto Rodriguez ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. Petitioner alleged that he suffered Guillain-Barré syndrome as a result of an influenza vaccine administered on February 20, 2018. Petition at 1. On February 14, 2022, the Secretary of Health and Human Services ("respondent") filed a Vaccine Rule 4(c) report recommending that compensation be awarded, and on February 16, 2022, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF No. 17; ECF No. 18.

**I.     Items of Compensation**

   A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $202,500.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.  Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $3,373.71. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## II.  Form of the Award

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $205,873.71, in the form of a check payable to petitioner.

## III.  Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Humberto Rodriguez:           **$205,873.71**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

2

          ALEXIS B. BABCOCK
          Assistant Director
          Torts Branch, Civil Division

          ***/s/ DHAIRYA D. JANI***
          DHAIRYA D. JANI
          Trial Attorney
          U.S. Department of Justice
          Torts Branch, Civil Division
          P.O. Box 146
          Benjamin Franklin Station
          Washington, D.C. 20044-0146
          Tel:  (202) 616-4356
          Email:  Dhairya.Jani@usdoj.gov

Dated:  September 7, 2022